**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSCHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Docket No. 1:08-CR-10334-WGY-1 |
| ) | |
| CORNELL SMITH     ) | |

### DEFENDANT CORNELL SMITH'S SENTENCING MEMORANDUM

Pursuant to Fed. R. Crim. P. 32 and the Court's Procedural Order dated September 8, 2009, Cornell Smith, through undersigned counsel, respectfully submits this sentencing memorandum in support of the Court's consideration and imposition of a sentence below the advisory guideline range (AGR) established in the presentence report (PSR),[1] and of the Court's ordering said sentence to run concurrently with the already imposed state sentence of 12 to 15 years imprisonment.[2] A detailed consideration of the history and characteristics of the defendant, i.e., specifically the defendant's dysfunctional family upbringing which formed the basis for his early substance abuse and subsequent trafficking in controlled substances to support his own habit, is the basis upon which a variance under *Booker*[3] is justified in this case. It is the defendant's contention that, upon careful consideration of this factor, one should conclude that a sentence within the AGR would be greater than necessary to achieve the several purposes of sentencing recounted in 18 U.S.C. § 3553(a)(2). Moreover, the relationship of the instant offense with that of the state case resulting in the 12 to 15 year sentence of imprisonment is such that an order for the running of the sentences concurrently would achieve, by almost all reasonable measures, a just combined punishment for the defendant. Accordingly, the defendant urges the Court, pursuant to *Booker* and to its legal and Guideline authority,[4] to impose a sentence of 144 months imprisonment, ordered to run concurrently with the

---

[1] The undisputed AGR is 151 to 188 months.
[2] This sentence was imposed in the Suffolk Superior Court on December 12, 2008 under Docket #08-10333-001.
[3] *United States v. Booker*, 543 U.S., 220, 126 S. Ct. 738 (2005).
[4] *United States v. Fuentes*, 107 F.3d 1515, 1519 n.6 (11th Cir. 1997) 18 U.S.C. 3584 (2) and U.S.S.G. § 5G1.3(c) (Policy Statement).

1

already imposed state sentence (with a recommendation to the Bureau of Prisons [BOP] that the defendant participate in the 500 hour substance abuse education and treatment program), three years supervised release with the special substance abuse aftercare condition, waiver of a fine, and payment of $100 special assessment.

## History and Characteristics of the Defendant

The PSR offers the Court a detailed picture of the defendant's background. In general terms, his was a dysfunctional upbringing of a high order which laid the groundwork for his own substance abuse and criminal conduct and which he has not yet been able to overcome. Specifically noteworthy are the following:

a.) the defendant's birth to a single mother who, according to the defendant, "struggled financially and barely had anything" (PSR, ¶ 67), and the virtual non-involvement of his natural father in the defendant's life (PSR, ¶ 57);

b.) the defendant's being surrounded by extended family members, several aunts of whom had substance abuse issues and several uncles of whom have been imprisoned for serious crimes (PSR, ¶ 68);

c.) the physical and verbal abuse of the defendant by his mother and step-father, including "beatings with an extension cord, belt, or a branch, and having his hands hit with the heel of a shoe"; the abuse became such that the defendant once ran to a nearby police station to report it (PSR, ¶ 69);

d.) the death in the defendant's arms by Sudden Infant Death Syndrome of his half-brother, Nadiage Monroe, when the defendant was 13 (PSR, ¶ 70), and his subsequently suffering physical abuse from his mother and step-father who, according to his cousin, Christine Smith, blamed him for the boy's death (PSR, ¶ 76);

e.) the development from an early age of significant substance abuse issues (alcohol commencing at age eight and both marijuana and cocaine beginning at age 13) (PSR, ¶¶ 88-90); these issues plagued the defendant throughout his youth and were the reasons behind his dropping out of high school while in the 10th grade (PSR, ¶ 93).

The adulthood which has followed has been no better. Dependent on drugs and alcohol, the defendant has admitted selling drugs to support his habit (PSR ¶ 91), and he has been apprehended numerous times doing so (PSR, ¶¶ 37-54). Since 2000, he has served several state and county prison sentences and, when not incarcerated, has been essentially homeless, living either in rooming houses or homeless shelters (PSR, ¶ 74). The defendant had a long-term relationship with Devonne Lockett who herself was a cocaine addict (PSR, ¶ 72). Under all these circumstances, the defendant has had a very marginal employment history (PSR, ¶¶ 97-101).

The upshot of the foregoing is that the defendant hardly had a chance from the beginning to become a responsible, law-abiding citizen. He has not, thus far, been able to overcome his past. He participated in substance abuse treatment programs at the Billerica House of Correction and MCI – Cedar Junction (PSR, ¶ 92) but without a successful outcome when he was released to the community. The defendant knows that he needs to get his substance abuse under control in order to lead a responsible life and seeks to participate in the 500 hour substance abuse education and treatment program offered by BOP.

## Order for Concurrent Sentences

As the Court is aware, the defendant is subject to a 12 – 15 year sentence of imprisonment imposed in the Suffolk Superior Court on December 12, 2008.[5] The defendant was arrested for this crack cocaine offense by state authorities on February 16, 2008. After being subsequently bailed, the defendant was again arrested by state authorities for the instant offense, which involved a much smaller amount of crack cocaine, on August 16, 2008. The defendant has been in either state or federal custody since the latter arrest.

It is the defendant's contention that although, strictly speaking, the latter offense cannot be considered relevant conduct to the former offense, the latter nonetheless represents but an extension of the defendant's trafficking in crack cocaine from the former offense. In both instances, the defendant was selling drugs in order to support his own dependence. The Court has the legal authority in circumstances such as this to order

---

[5] See PSR, ¶ 44.

the federal sentence to run concurrently with the already existing state sentence. Moreover, the facts of this case fall under the circumstances recounted in U.S.S.G. § 5G1.3(c) (Policy Statement) which permits the Court to run the federal sentence concurrently, partially concurrently, or consecutively to the state sentence.

   The defendant urges the Court to order the federal sentence to run concurrently with the state sentence for the reasons cited above as well as from general justice considerations. A sentence of 144 months imprisonment would certainly be a significant *combined* punishment for the criminal activities encompassed by both the state and federal cases. The defendant, moreover, will be transferred to a federal institution for service of this sentence, which will have the added benefit of his participation in the comprehensive 500 hour substance abuse education and treatment program offered by BOP (if the Court recommends same to BOP). This program, it is submitted, would offer the defendant a better opportunity to address and overcome his substance abuse issues than the programs he has heretofore participated in.

## Analysis and Recommendation

   The defendant concedes that in light of the nature and circumstances of the offense, as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide for just punishment, afford adequate deterrence, and protect the public,[6] a sentence of significant imprisonment is warranted. This fact is reflected in the AGR of 151 to 188 months. The central questions are whether the Court should vary from the AGR and whether the Court should impose the sentence to run concurrently with the already imposed state sentence.

   The defendant submits, with respect to the former, that a variance is justified on the basis of a careful consideration of the history and characteristics of the defendant.[7] As reflected throughout the PSR, the defendant experienced a most difficult upbringing, which included significant physical abuse, and which set the stage for his own substance abuse from an early age and ultimately his engaging in criminal activity to support his dependence. The defendant had little chance to overcome the scars of this upbringing, and his efforts in substance abuse treatment have so far not been successful.

---

[6] See 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B) and (a)(2)(C).
[7] See 18 U.S.C. § 3553(a)(1).

The defendant further submits that the fourth purpose of sentencing, i.e., "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most efficient manner,"[8] can be served by the Court's recommending to BOP the defendant's participation in the 500 hour substance abuse education and treatment program, and by imposition of a substance abuse aftercare condition as a special condition of supervised release.  Both would, if successful, break the cycle of the defendant's selling drugs to support his own dependence and therewith also further the sentencing purpose of protecting the public from further crimes of the defendant.

Finally, the defendant urges the Court to order the federal sentence to run concurrently with the already existing state sentence.  A sentence of 144 months imprisonment would be both a significant and just combined punishment for the state and federal crimes encompassed by these offenses.

Accordingly, the defendant urges the Court to impose the following sentence:

> 144 months imprisonment, ordered to run concurrently with the sentence imposed in Suffolk Superior Court case, docket #08-10333-001;
>
> A judicial recommendation to the Bureau of Prisons that the defendant participate in the 500 hour substance abuse education and treatment program;
>
> Three years supervised release, with the substance abuse aftercare special condition;
>
> Waiver of fine in light of the defendant's inability to pay same;
>
> Payment of $100 special assessment.

        Respectfully submitted,
        Cornell Smith
        By his attorney,

        /S/ Paul J. Garrity_____
        Paul J. Garrity
        Federal ID 555976

---

[8] 18 U.S.C. § 3553(a)(2)(D).

                                      14 Londonderry Road
                                      Londonderry, NH 03053
                                      603-434-4106

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on this 31st day of December, 2009, a copy of the within was e filed to the U.S. Attorney's Office.

                                        /S/Paul J. Garrity_____
                                        Paul J. Garrity