```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS

                                            Criminal No.
                                            08-10334-WGY



   * * * * * * * * * * * * * * * *
                                  *
   UNITED STATES OF AMERICA       *
                                  *
   v.                             *    SENTENCING EXCERPT
                                  *
   CORNELL SMITH                  *
                                  *
   * * * * * * * * * * * * * * * *


              BEFORE:  The Honorable William G. Young,
                       District Judge










                                       1 Courthouse Way
                                       Boston, Massachusetts

                                       January 7, 2010
```

1     **THE COURT:**  Mr. Cornell Smith, in consideration of
2     the factors under 18 United States Code, Section 3553(a),
3     the information from the United States Attorney, the
4     probation officer, your attorney and yourself, this Court
5     does sentence you to 151 months in the custody of the United
6     States Attorney General.  You will have credit toward the
7     service of that sentence commencing on August 16th, 2008 to
8     the present.
9           Thereafter, you are placed upon supervised release
10    for three years.  The special terms of your supervised
11    release are that you are prohibited from possessing a
12    firearm, destructive device, or other dangerous weapon.
13          You're not to consume any alcoholic beverages.
14    You're to participate in a program for substance abuse which
15    may have, which will not exceed, anyway, 104 drug tests per
16    year.  You're to use your true name, and you're prohibited
17    from using any false identifiers.  You will submit to the
18    collection of a DNA sample.
19          It is further ordered that you pay the special
20    assessment of $100 required by the law.
21          Let me explain the sentence to you, Mr. Smith.  You
22    have a lengthy record.  The way we punish for crimes both
23    state and federal is to put people in prison.  I'm not
24    insensitive to the problem of your addiction, nor am I
25    insensitive to the ways in which you've gotten bad breaks in

1  your life.  You know, Mr. Garrity properly says, that
2  doesn't excuse you.  And so, when you reoffend and reoffend
3  again and then reoffend after that, the reaction of courts,
4  any court, is, well, that didn't work, now we'll give him
5  longer time.  And so it is that the congress has advised me,
6  now, the sentence is my responsibility, but the congress of
7  the United States has advised me that because you are now a
8  career offender you ought to get this long sentence.  And in
9  my mind that is a fair and a just sentence.
10           I do recommend, this is all I can do, but I do
11 recommend that you be provided with all appropriate
12 educational resources -- and it will be in the judgment --
13 while you are in prison.  That's not saying that you ought
14 to get some grant or some special funds.  It is saying that
15 in my judgment, and I've read all these things carefully,
16 you should be afforded the chance to better your education
17 to further that goal.
18           Now, Mr. Garrity makes some sense when he says why
19 don't you give him time served because he's going to do 15
20 years in the state prison.  And then Ms. Tidwell jumps right
21 up and says, well, you've appealed that, so that's not a
22 done deal.  Neither of those things make any difference to
23 me.  I'll tell you that straight out.  What the state does
24 on the state charges is a matter for the state.  If that
25 judge were to think after he or she has heard this sentence

1   that you have to do state time on and after, I have nothing
2   to say about that.  Though I have said and say here again,
3   if I was the second judge to go, I would make them run
4   concurrent.  But the way the law works, I'm not.  So that's
5   up to the state judge.  And if I were to give you time
6   served, I would be gaming the system.  I would be saying
7   well, you know, you better stick to that sentence or
8   something because otherwise he'll get a shorter time.  Not
9   my business.  And I don't say what the state should do.  If
10  I were second, I've said I would make it concurrent.  That's
11  all I'm saying.
12          This I do say to you, sir.  Whatever your
13  background, and I've given you just now a long sentence, but
14  I'm not blind to that, I know you've had a rough time,
15  you're subject to an addiction.  We don't have anything
16  better than the system that we have here.  I'm supposed to
17  give you a long time, and I've given you a long time.  And
18  I'm trying to get you in a position where you can knock this
19  addiction and get yourself some education.
20          The greatest thing you have going for you is that
21  there are people who truly care for you.  When you turned to
22  them just now, you're right, there are people who truly care
23  for you.  I pray that they'll go on caring for you and that
24  in fact this sentence, hopefully the state will be
25  concurrent, but that this will be an end of it.

1      You have a right to appeal from any findings or
2 rulings this Court has made against you.  Should you appeal
3 and should your appeal be successful in whole or in part and
4 the case remanded you'll be resentenced before another
5 judge.
6      Mr. Garrity, should an appeal be decided on and you
7 want transcript, I direct you to make your application for
8 transcript before filing the notice of appeal because I'll
9 turn it around right away.
10      Do you understand?
11      **MR. GARRITY:**  I do, Judge.
12      **THE COURT:**  That's the sentence of the Court.
13      **MR. GARRITY:**  Judge?
14      **THE COURT:**  He's remanded to the custody of the
15 marshals.
16      Yes, Ms. Tidwell?
17      **MS. TIDWELL:**  Your Honor, I don't know if I missed
18 it, but I didn't hear special assessment, and I'm assuming
19 the Court is waiving the fine.
20      **THE COURT:**  I do believe I recited it.
21      **MS. TIDWELL:**  Okay.
22      **THE COURT:**  It is $100 as is required by the law.
23      **THE CLERK:**  Any forfeiture?
24      **MS. TIDWELL:**  No forfeiture.
25      **THE COURT:**  No.

1           **MR. GARRITY:**  Your Honor?

2           **THE COURT:**  Yes.

3           **MR. GARRITY:**  Would the Court contemplate

4   recommending to the BOP the 500-hour drug program.

5           **THE COURT:**  You didn't ask, and I do.  It is

6   recommended, and it will be in the judgment, that Mr. Smith

7   be admitted to the 500-hour drug treatment program at his

8   place of incarceration.

9           **MR. GARRITY:**  Thank you.

10          **THE COURT:**  We'll recess.  We have students here

11  and they're welcome to come back into the lobby.

12          We'll recess.

13          **THE CLERK:**  All rise.  Court is in recess.

14          (Whereupon the matter concluded.)