```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS

                                            Criminal No.
                                            08-10334-WGY


  * * * * * * * * * * * * * * * *
                                 *
  UNITED STATES OF AMERICA       *
                                 *
  v.                             *    DISPOSITION
                                 *
  CORNELL SMITH                  *
                                 *
  * * * * * * * * * * * * * * * *


            BEFORE:  The Honorable William G. Young,
                            District Judge



  APPEARANCES:

            NATASHA TIDWELL, Assistant United States
       Attorney, 1 Courthouse Way, Suite 9200, Boston,
       Massachusetts 02210, on behalf of the Government

            PAUL J. GARRITY, ESQ., 14 Londonderry Road,
       Londonderry, New Hampshire 03053, on behalf of the
       Defendant




                                       1 Courthouse Way
                                       Boston, Massachusetts

                                       January 7, 2010
```

1          **THE CLERK:** All rise.  Court is in session, please
2     be seated.
3          Calling Criminal Action 08-10334, the United States
4     v. Cornell Smith.
5          **THE COURT:** Good afternoon.
6          **MS. TIDWELL:** Good afternoon, your Honor.
7          **THE COURT:** Will counsel identify themselves.
8          **MS. TIDWELL:** Natasha Tidwell for the United
9     States, your Honor, good afternoon.
10         **MR. GARRITY:** Paul Garrity for Cornell Smith.  Good
11    afternoon, your Honor.
12         **THE COURT:** Good afternoon.  If I may talk directly
13    to your client, Mr. Garrity.
14         **MR. GARRITY:** Yes, your Honor.
15         **THE COURT:** Mr. Smith, have you read the
16    presentence report that's been prepared in your case?
17         **THE DEFENDANT:** Yes, I have.
18         **THE COURT:** Have you talked it all over with Mr.
19    Garrity?
20         **THE DEFENDANT:** Yes, I have.
21         **THE COURT:** Do you think you understand it?
22         **THE DEFENDANT:** Yes, I have.
23         **THE COURT:** Please be seated.
24         Nothing's been withheld from the presentence report
25    under the Rules of Criminal Procedure?

1          **THE PROBATION OFFICER:**  No, your Honor.

2          **THE COURT:**  All right, this is a sentencing that
3  proceeds under 18 United States Code, Section 3553(a).  In
4  this session of the Court sentencing consists of four steps.
5  The first three are somewhat mechanistic.  And as I go
6  through them, if anyone would disagree with anything that I
7  say, I simply want you to interrupt me and I will try to
8  sort the matter out.

9          Once those three steps are accomplished, the fourth
10 step, the most important step, is to focus with
11 particularity on Mr. Smith as an individual and the needs of
12 society generally and to fashion then a fair and a just
13 verdict.

14         Now, the first step -- two of the steps require
15 reference to the advisory sentencing guidelines.  The first
16 step is to calculate the highest reasonable sentence
17 permitted under the Constitution of the United States in
18 light of the factual matters to which Mr. Smith has admitted
19 in his plea and his criminal history.  That's without regard
20 to any mitigating factors.

21         The second step is to consult all available
22 databases to find out on average what courts nationwide are
23 sentencing, or how courts nationwide are sentencing
24 offenders for these types of crimes.

25         Now, I'm quick to say in step two, I don't sentence

1   from any averages, but I do consult the averages simply to
2   give me a better idea of how much weight to give to the
3   advisory sentencing guidelines.
4           The third step is accurately to calculate the
5   advisory sentencing guidelines.  And the fourth step then is
6   to consider Mr. Smith and society specifically, and in that
7   fourth step I will hear from the government, I'll hear from
8   Mr. Garrity, Mr. Smith, I'll hear from you if you wish to
9   say anything.
10          So step one is the highest sentence
11  constitutionally reasonable.  In this case, given the amount
12  of cocaine in -- well, let's back into it this way.  Given
13  his prior record, Mr. Smith is a career offender.
14  Therefore, the base offense level is 32, and a criminal
15  history category of VI.  The highest sentence available
16  under the advisory sentencing guidelines given those facts
17  is a sentence of 262 months in prison.  To go any higher
18  than that would be unwarranted, not permitted in the view of
19  this Court.
20          **MS. TIDWELL:**  Your Honor?
21          **THE COURT:**  Yes.
22          **MS. TIDWELL:**  There's a statutory maximum of 20
23  years.
24          **THE COURT:**  All right.  Well, that takes care of
25  that.  So the statutory maximum is within what's

1  constitutionally reasonable, and it's open to me to sentence
2  him to 20 years in prison.
3          **MR. GARRITY:**  And, Judge, is that guideline
4  calculation without taking into account the three level
5  reduction?
6          **THE COURT:**  Precisely.  If you were following, I'm
7  just trying to figure out the highest I could go.  And
8  assuming the statutory maximum were life, the way I read
9  constitutional Booker, the highest I could constitutionally
10 reasonably go, given what he's admitted, and his prior
11 criminal history, is 262 months.  But Ms. Tidwell properly
12 points out the statutory maximum here is 20 years.  I'm
13 telling you the highest I can constitutionally go is 20
14 years.  I'm not suggesting that's the guideline.
15         **MR. GARRITY:**  Right.  And that's why I want to make
16 sure I'm following the Court.
17         **THE COURT:**  It's not.
18         **MR. GARRITY:**  But just --
19         **THE COURT:**  Because I propose to give him a three
20 level reduction because he spared the government the expense
21 of a trial.  I said I was getting the highest without regard
22 to anything that would take us down.
23         So that's step one.  Step two, what do we know
24 about the average sentence, sentences for offenders guilty
25 of this crime.

1              Nationwide, from the public database of the United
2     States Sentencing Commission, the average sentence for all
3     drug trafficking crimes is 83 months; in the First Circuit
4     it's 84 months; in the District of Massachusetts
5     post-Booker, where the sentences are advisory, the average
6     sentence is 72 months.
7              In the district of -- in this session of the Court,
8     where Mr. Womack keeps a publicly available database, and it
9     is precise to the specific crime at issue, in this case,
10    distribution of cocaine base, the average sentence is 109
11    months, and there have been nine such sentences since
12    Booker.
13             Now, those are the averages.  Now, let's do the
14    calculation required under the sentencing guidelines.
15    They're advisory, but the calculation is required.
16             Were he not a career offender, given this amount of
17    cocaine base, 500 milligrams, at least 500 milligrams but
18    less than a gram, that's all it was, it's an offense level
19    of 14, and he would, as I said, I would apply an adjustment
20    downward because he's spared the government the burden and
21    expense of a trial.  At a level 14, I would go down two
22    levels, take us to level 12.  But that isn't the advice of
23    the guidelines.  The advice of the guidelines is that
24    Mr. Smith is a career offender.  So his base offense level
25    is 32.  And I do go down three levels now because he's

1   spared the government the burden and expense of a trial.
2   That gives us an advisory guideline of not less than 151
3   months, nor more than 188 months, a period of supervised
4   release of not less than three years nor life in prison, a
5   fine of not less than 15,000 nor more than $1 million, and
6   there must be a special assessment of $100.
7            Arithmetically now, saving your rights, are the
8   guidelines properly calculated, Ms. Tidwell?
9            **MS. TIDWELL:**  Yes, your Honor.
10           **THE COURT:**  And Mr. Garrity?
11           **MR. GARRITY:**  Yes, your Honor.
12           **THE COURT:**  All right.  So, those are the three
13  steps.  Now, let's come -- and I've read all the materials
14  that are before me, and we'll start by hearing the
15  government.
16           **MS. TIDWELL:**  Thank you, your Honor.
17           Your Honor, the government in this case is
18  recommending a sentence of 151 months.  The presentence
19  report lays out the tragic circumstances of Mr. Smith's
20  life.  There's no question about that.  There's also no
21  question, your Honor, that the career offender guideline,
22  the career offender provision was made for defendants like
23  Mr. Smith.
24           Just from beginning at the age of 17, if not
25  before, on his first drug offense he was sentenced to a term

1   of two and-a-half years.  He served nine months.  The
2   remainder was suspended.  Shortly after his release he
3   violated his probation, another drug offense.  Served out
4   the remainder of that term, sentenced again for a drug
5   offense at the age of 19.  In March 2004, at the age of 22,
6   he received a sentence of three years and a day.  Gets out
7   for good conduct, comes out, reoffends in February 2008,
8   which is the state offense for which he has just been
9   sentenced to a term of 12 to 15 years.  While he's out on
10  bail for that offense he offends in this case.
11          Now, as your Honor discussed when talking about the
12  quantities, we're talking about a small quantity of crack
13  cocaine in the instant case.  But, the circumstances of this
14  defendant's life of his career in crime warrants a sentence
15  of 151 months.  That's why the career offender provision --
16          **THE COURT:**  Concurrent or consecutive?
17          **MS. TIDWELL:**  Well, your Honor, we've had a lot of
18  discussion about the concurrent/consecutive issue here.  And
19  it's the government's view, and I believe that's shared by
20  the Board of Probation, I mean the Board of Prisons, that
21  the Court is somewhat limited because the state sentence in
22  effect doesn't exist at this point because the federal
23  government has retained primary jurisdiction over the
24  defendant from the time that he was arrested for this case
25  here.

1       **THE COURT:** But --
2       **MS. TIDWELL:** Were the situation reversed, your
3  Honor --
4       **THE COURT:** Well, it isn't, so.
5       **MS. TIDWELL:** Right.
6       **THE COURT:** Help me out on this.
7       **MS. TIDWELL:** Okay.
8       **THE COURT:** The state sentence exists in the sense
9  that --
10      **MS. TIDWELL:** Correct.
11      **THE COURT:** -- a separate sovereign after due
12 consideration has imposed that sentence.
13      **MS. TIDWELL:** That's correct, your Honor.
14      **THE COURT:** If I were, as is open to me, there's no
15 mandatory minimum, to place him on probation, whatever you
16 might think of that, he's not at liberty.  The state then
17 would, or could give him time served --
18      **MS. TIDWELL:** Right.
19      **THE COURT:** -- for example in custody on this
20 offense.  The state has its, as it should have, its
21 detainer.  They would take him into custody.  He would serve
22 the state sentence.  So, in that sentence -- in that sense
23 it exists, correct?
24      **MS. TIDWELL:** That's correct, your Honor.
25      **THE COURT:** And I see what you mean.  I shouldn't

1  announce whether it's concurrent or consecutive because
2  that's really not my business.  I should impose a fair
3  sentence.  But I am looking for your advice here.  As a
4  practical matter, it will work out concurrent if I do that?
5      **MS. TIDWELL:**  That's correct.
6      **THE COURT:**  Since the state judge has already
7  imposed her sentence, it simply won't operate that her
8  sentence will then kick in at the end -- well, it might.  If
9  I give him a sentence of 151, that's not, that's not 15
10 months -- that's not 15 years.
11     **MS. TIDWELL:**  That's correct, your Honor.
12     **THE COURT:**  So, something's left to serve on the
13 end of that.
14     **MS. TIDWELL:**  That's correct, your Honor.
15     **THE COURT:**  Thank you.  Thank you very much.
16     **MS. TIDWELL:**  So, I guess to continue, in this
17 circumstance it's the government's view that a sentence of
18 151 months under the 3553 guideline is an appropriate
19 sentence in this case given the defendant and the
20 circumstances of the offense here.
21     It's my understanding that in speaking with
22 Mr. Smith's state court attorney that a motion can be made
23 and will be made to seek to revise the state court sentence
24 to run concurrent to a sentence imposed by this Court since
25 this Court technically is first in time even though for the

1   reasons your Honor discussed the state went first.
2           **THE COURT:**  And so, the matter of concurrent or
3   consecutive is committed to the wise discretion of my
4   colleague in the state court.
5           **MS. TIDWELL:**  That's correct, your Honor.
6           **THE COURT:**  Thank you.
7           **MS. TIDWELL:**  And with that that's -- the
8   government rests at this point.
9           **THE COURT:**  Mr. Garrity.
10          **MR. GARRITY:**  Judge, obviously from that discussion
11  you've just had with Ms. Tidwell, the concurrency issue is
12  of primary importance to Mr. Smith.  I can tell the Court I
13  spoke to the Bureau of Prisons in terms of whether a
14  recommendation from you would have any effect in terms of
15  the state sentence, they indicated it would not.  However,
16  if the Court did indicate on the record that, a
17  recommendation that if the state sentence does begin to run
18  that the Court would recommend that the federal sentence run
19  concurrent with that that could help perhaps with the state
20  situation getting the state judge perhaps to get that state
21  sentence set aside.
22          **THE COURT:**  I appreciate your raising that, Mr.
23  Garrity.  And I will say on the record that were the
24  situation reversed, I would impose the sentence I shall
25  announce concurrently.  I am sensitive that I not appear

1    officious in any way.  I do not know beyond the presentence
2    report the circumstances of the state sentence.  The matter
3    is committed to the wise discretion of a justice of the
4    Superior Court, an eminent and by this Court highly
5    respected Court, because I used to serve there, and I don't
6    want to appear to be suggesting what an independent judge
7    and an independent judiciary would do.  At the same time, as
8    a humane matter, I will state that if the situation was
9    reversed and I had this offense as I do before me and I had
10   to make the determination, I would determine that the
11   sentences ought run concurrent.
12             Is that satisfactory --
13        **MR. GARRITY:**  It is, your Honor.
14        **THE COURT:**  -- on the record?
15             Okay, go ahead.
16        **MR. GARRITY:**  Judge, I think the memorandum we
17   filed lays out the circumstances of Mr. Smith's background
18   and his life.  I think, unfortunately, his upbringing and
19   drug addiction, substance abuse addiction leads him to being
20   in front of this Court, has led him to being in front of
21   other courts.  Obviously he's got a free will, he can make
22   decisions.  But I think that free will has been abdicated by
23   his background and upbringing and drug addiction.  So we're
24   asking you to take that into consideration.
25             I would tell the Court I contemplated asking this

1   Court to impose a time served sentence so that the state
2   sentence could start to run because there's still the
3   uncertainty of what the state court system will do.  But I'm
4   not sure that's all that realistic given his background.
5   And I think Mr. Smith recognizes the sentence has to be
6   imposed, he should face punishment in this Court for what he
7   did.  But that is one practical way to get the state
8   sentence to start to run.
9        And, Judge, with respect to the PSI report, we have
10  no objections to it, but I would ask the Court to perhaps
11  allow for a modification to the face page that deals, the
12  section that deals with custodial status.  It's near the
13  middle.
14       **THE COURT:**  I see it.
15       **MR. GARRITY:**  It talks about 8-16-08 to 10-17-08
16  being detained in state custody on related charges.  I would
17  ask that that be, I guess amended or modified to be that he
18  was in state custody for the same conduct that led him to
19  being charged federally.  If it is, then BOP will give him
20  credit pursuant to 18 U.S.C. 3585(b)(1) for that time
21  towards the federal sentence.
22       **THE COURT:**  No objection to making that?
23       **MS. TIDWELL:**  None, your Honor.
24       **THE COURT:**  All right.  The report will be amended
25  and the judgment will so reflect.

```
 1              MR. GARRITY:  Thank you, your Honor.
 2              THE COURT:  Mr. Smith, you have the right to talk
 3   to me directly.  You're not required to, but if you want to,
 4   I will hear you.
 5              THE DEFENDANT:  I just want to say, ah, I'm sorry
 6   for putting y'all through this, you know, and my family.
 7   And I have a request to the United States concerning my
 8   education while I'm incarcerated.  I would like to obtain a
 9   degree so I can be some type of teacher, you know, outside
10   the box, not in the union.  But I have the unfortunate
11   financial situation where I can't do it on my own.  So if
12   it's possible for the United States to help me out as in
13   grants or whatever it may have, I would appreciate, you
14   know, the help in pursuing what I want to do, so instead of
15   bringing the community down, helping the community become
16   stronger.  And that's about it.
17              THE COURT:  Thank you.
18              MS. TIDWELL:  Your Honor?
19              THE COURT:  Yes.
20              MS. TIDWELL:  I'm sorry to interrupt.  Just one
21   brief thing that I forgot to mention on the time served
22   issue.  You know, I don't know what the Court is thinking
23   along those lines.
24         Two things.  Mr. Garrity in his sentencing memo
25   asked for --
```

1          **THE COURT:** Wait a minute.  I'm not allowing
2    rebuttal.
3          **MS. TIDWELL:** Okay.
4          **THE COURT:** So, if there's some information -- I
5    have read everything.
6          **MS. TIDWELL:** Right.  Just some information for the
7    Court.  One, with regard to the state court sentence, it is
8    up on appeal at this point.  So it's not sort of a done deal
9    that the 12 to 15 is going to happen in the state court, and
10   I didn't know if the Court was aware of that.
11         **THE COURT:** Thank you.  That is helpful.  All
12   right.
13         Mr. Cornell Smith, in consideration of the factors
14   under 18 United States Code, Section 3553(a), the
15   information from the United States Attorney, the probation
16   officer, your attorney and yourself, this Court does
17   sentence you to 151 months in the custody of the United
18   States Attorney General.  You will have credit toward the
19   service of that sentence commencing on August 16th, 2008 to
20   the present.
21         Thereafter, you are placed upon supervised release
22   for three years.  The special terms of your supervised
23   release are that you are prohibited from possessing a
24   firearm, destructive device, or other dangerous weapon.
25         You're not to consume any alcoholic beverages.

```
 1    You're to participate in a program for substance abuse which
 2    may have, which will not exceed, anyway, 104 drug tests per
 3    year.  You're to use your true name, and you're prohibited
 4    from using any false identifiers.  You will submit to the
 5    collection of a DNA sample.
 6              It is further ordered that you pay the special
 7    assessment of $100 required by the law.
 8              Let me explain the sentence to you, Mr. Smith.  You
 9    have a lengthy record.  The way we punish for crimes both
10    state and federal is to put people in prison.  I'm not
11    insensitive to the problem of your addiction, nor am I
12    insensitive to the ways in which you've gotten bad breaks in
13    your life.  You know, Mr. Garrity properly says, that
14    doesn't excuse you.  And so, when you reoffend and reoffend
15    again and then reoffend after that, the reaction of courts,
16    any court, is, well, that didn't work, now we'll give him
17    longer time.  And so it is that the congress has advised me,
18    now, the sentence is my responsibility, but the congress of
19    the United States has advised me that because you are now a
20    career offender you ought to get this long sentence.  And in
21    my mind that is a fair and a just sentence.
22              I do recommend, this is all I can do, but I do
23    recommend that you be provided with all appropriate
24    educational resources -- and it will be in the judgment --
25    while you are in prison.  That's not saying that you ought
```

1   to get some grant or some special funds.  It is saying that
2   in my judgment, and I've read all these things carefully,
3   you should be afforded the chance to better your education
4   to further that goal.
5          Now, Mr. Garrity makes some sense when he says why
6   don't you give him time served because he's going to do 15
7   years in the state prison.  And then Ms. Tidwell jumps right
8   up and says, well, you've appealed that, so that's not a
9   done deal.  Neither of those things make any difference to
10  me.  I'll tell you that straight out.  What the state does
11  on the state charges is a matter for the state.  If that
12  judge were to think after he or she has heard this sentence
13  that you have to do state time on and after, I have nothing
14  to say about that.  Though I have said and say here again,
15  if I was the second judge to go, I would make them run
16  concurrent.  But the way the law works, I'm not.  So that's
17  up to the state judge.  And if I were to give you time
18  served, I would be gaming the system.  I would be saying
19  well, you know, you better stick to that sentence or
20  something because otherwise he'll get a shorter time.  Not
21  my business.  And I don't say what the state should do.  If
22  I were second, I've said I would make it concurrent.  That's
23  all I'm saying.
24         This I do say to you, sir.  Whatever your
25  background, and I've given you just now a long sentence, but

```
 1   I'm not blind to that, I know you've had a rough time,
 2   you're subject to an addiction.  We don't have anything
 3   better than the system that we have here.  I'm supposed to
 4   give you a long time, and I've given you a long time.  And
 5   I'm trying to get you in a position where you can knock this
 6   addiction and get yourself some education.
 7            The greatest thing you have going for you is that
 8   there are people who truly care for you.  When you turned to
 9   them just now, you're right, there are people who truly care
10   for you.  I pray that they'll go on caring for you and that
11   in fact this sentence, hopefully the state will be
12   concurrent, but that this will be an end of it.
13            You have a right to appeal from any findings or
14   rulings this Court has made against you.  Should you appeal
15   and should your appeal be successful in whole or in part and
16   the case remanded you'll be resentenced before another
17   judge.
18            Mr. Garrity, should an appeal be decided on and you
19   want transcript, I direct you to make your application for
20   transcript before filing the notice of appeal because I'll
21   turn it around right away.
22            Do you understand?
23       **MR. GARRITY:**  I do, Judge.
24       **THE COURT:**  That's the sentence of the Court.
25       **MR. GARRITY:**  Judge?
```

```
 1            THE COURT:  He's remanded to the custody of the
 2   marshals.
 3            Yes, Ms. Tidwell?
 4            MS. TIDWELL:  Your Honor, I don't know if I missed
 5   it, but I didn't hear special assessment, and I'm assuming
 6   the Court is waiving the fine.
 7            THE COURT:  I do believe I recited it.
 8            MS. TIDWELL:  Okay.
 9            THE COURT:  It is $100 as is required by the law.
10            THE CLERK:  Any forfeiture?
11            MS. TIDWELL:  No forfeiture.
12            THE COURT:  No.
13            MR. GARRITY:  Your Honor?
14            THE COURT:  Yes.
15            MR. GARRITY:  Would the Court contemplate
16   recommending to the BOP the 500-hour drug program?
17            THE COURT:  You didn't ask, and I do.  It is
18   recommended, and it will be in the judgment, that Mr. Smith
19   be admitted to the 500-hour drug treatment program at his
20   place of incarceration.
21            MR. GARRITY:  Thank you.
22            THE COURT:  We'll recess.  We have students here
23   and they're welcome to come back into the lobby.
24            We'll recess.
25            THE CLERK:  All rise.  Court is in recess.
```

```
 1              (Whereupon the matter concluded.)
 2
 3
 4                     C E R T I F I C A T E
 5
 6
 7         I, Donald E. Womack, Official Court Reporter for
 8    the United States District Court for the District of
 9    Massachusetts, do hereby certify that the foregoing pages
10    are a true and accurate transcription of my shorthand notes
11    taken in the aforementioned matter to the best of my skill
12    and ability.
13
14
15
16
              /S/ DONALD E. WOMACK 1-27-2010
17            _____
                    DONALD E. WOMACK
18                Official Court Reporter
                     P.O. Box 51062
19            Boston, Massachusetts 02205-1062
                   womack@megatran.com
20
21
22
23
24
25
```